```
UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF FLORIDA
       TAMPA DIVISION
```

UNITED STATES OF AMERICA,

v.                              Case No. 8:22-cr-82-VMC-TGW

CELSO NAVARRO-DIAZ.

_____/

**ORDER**

This matter is before the Court on the government's "Motion for Judicial Determination that the Vessels Were Subject to the Jurisdiction of the United States" (Doc. # 91), filed on January 8, 2026. Defendant Celso Navarro-Diaz responded and moved to dismiss the indictment on January 20, 2026. (Doc. # 94). For the reasons that follow, the government's Motion is granted, and Mr. Navarro-Diaz's Motion is denied.

**I.   Background**

On March 2, 2022, Mr. Navarro-Diaz was charged by indictment with two felonies arising from an alleged cocaine-trafficking conspiracy. (Doc. # 1). Count One relates to a conspiracy to distribute at least five kilograms of cocaine on a vessel subject to the jurisdiction of the United States in violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70501-70508. (Id. at 1). Count Two

1

alleges that Mr. Navarro-Diaz conspired to import at least five kilograms of cocaine into the United States in violation of 21 U.S.C. § 959. (Id. at 2).

The government asserts that the "indictment arose out of an investigation into a transnational criminal organization responsible for dispatching drug-laden go-fast vessels from Colombia to Central America for ultimate importation into the United States, for which [Mr. Navarro-Diaz] is believed to be a leader." (Doc. # 91 at 1-2). The government identifies two interdictions associated with this organization: (1) a March 20, 2020, interdiction of a go-fast vessel in international waters about 130 nautical miles south of Punta Mala, Panama, and (2) a July 25, 2020, interdiction of a go-fast vessel in international waters about 100 nautical miles northeast of Malpelo Island, Colombia. (Id.).

The government moves for a judicial determination that these vessels were subject to the jurisdiction of the United States at the time United States authorities interdicted them. (Id. at 6-8). Mr. Navarro-Diaz has responded and moves to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B). (Doc. # 94).

## II. Analysis

### A. Jurisdiction of the Vessels

The MDLEA prohibits an individual from knowingly or intentionally distributing, or possessing with intent to distribute, a controlled substance while on board a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 70503(a)(1), (e)(1). If a "vessel aboard which the master or individual in charge makes a claim of registry and for which the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality" is interdicted in international waters, it is a "vessel without nationality" and is subject to the jurisdiction of the United States. 46 U.S.C. § 70502(c)(1)(A), (d)(1)(C); see also United States v. Campbell, 743 F.3d 802, 810 (11th Cir. 2014) ("And we have long upheld the authority of Congress to extend[ ] the criminal jurisdiction of this country to any stateless vessel in international waters engaged in the distribution of controlled substances." (internal quotation marks omitted)).

The Court agrees with the government that the jurisdiction of a vessel subject to the MDLEA is a "preliminary question[] of law to be determined solely by the trial judge." 46 U.S.C. § 70504(a); see also United States v. Vargas, 781 F. App'x 815, 821 (11th Cir. 2019) ("Therefore,

3

the district court did not err in declining to submit to the jury the question of whether the vessel on which Vargas was seized came within the MDLEA's definition of a 'vessel without nationality,' 46 U.S.C. § 70502(d)(1)(C), which would make it a '[v]essel subject to the jurisdiction of the United States.'" (citing United States v. Tinoco, 304 F.3d 1088, 1108-10 (11th Cir. 2002))). Under Eleventh Circuit precedent, "[t]he response of a foreign nation to a claim of registry is proved conclusively by certification of the U.S. Secretary of State or the Secretary's designee." United States v. Bautista Ortiz, 808 F. App'x 984, 986 (11th Cir. 2020) (citing 46 U.S.C. § 70502(d)(2)); see also United States v. Hernandez, 864 F.3d 1292, 1299 (11th Cir. 2017)).

Here, the United States has submitted a certification by Commander David M. Bartram, U.S. Coast Guard, as designee of the United States Secretary of State, that the master of the vessels from the March 2020 and July 2020 interdictions claimed Costa Rican nationality for the vessels when they were interdicted in international waters. (Doc. ## 91-2, 91-4). Furthermore, when the United States requested that Costa Rica confirm or deny the registry or nationality of the vessels, the Costa Rican government responded that it could neither confirm or deny the vessels' registry or nationality. (Id.). In short, the United States has conclusively proven

4

that the vessels at issue were "vessels without nationality" and, thus, subject to the jurisdiction of the United States.

### B. Mr. Navarro-Diaz's Motion to Dismiss

As an initial matter, Mr. Navarro-Diaz's motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) is untimely as the deadline for such motions was January 21, 2025. (Doc. # 20); see Fed. R. Crim. P. 12(c)(3) ("If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely."). Nevertheless, the Court will consider the merits of Mr. Navarro-Diaz's contentions.

Mr. Navarro-Diaz argues that the Court should dismiss Count Two of the indictment as the government will not be able to prove that he knew the cocaine would be imported into the United States. (Doc. # 94 at 3-6). However, "[t]here is no summary judgment procedure in criminal cases." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). "Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." Id. Rather, the "sufficiency of a criminal indictment is determined from its face," and "[t]he indictment is sufficient if it charges in the language of the statute." Id. Here, Count Two of the indictment tracks the language of the statute. (Doc. # 1 at 2); 21 U.S.C. § 959). Because Mr. Navarro-Diaz was properly indicted, "the

5

government is entitled to present its evidence at trial and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." <u>United States v. Salman</u>, 378 F.3d 1266, 1268 (11th Cir. 2004).

Mr. Navarro-Diaz also argues that the Court should find that 21 U.S.C. § 959 is unconstitutional as applied to him. (Doc. # 94 at 12-13). Mr. Navarro-Diaz does not argue that 21 U.S.C. § 959(d), which states that the statute "is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States," is facially unconstitutional. 21 U.S.C. § 959(d). Rather, Mr. Navarro-Diaz argues that it is unconstitutional as applied to him because there was no reasonable cause for him to believe that the cocaine would be imported into the United States. (Doc. # 94 at 12-13). As previously discussed, whether the United States can prove that Mr. Navarro-Diaz knew or had reasonable cause to believe that the cocaine would be imported into the United States is to be seen at trial. Thus, Mr. Navarro-Diaz has not demonstrated that the statute is unconstitutional as applied to him.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The government's "Motion for Judicial Determination that the Vessels Were Subject to the Jurisdiction of the United States" (Doc. # 91) is **GRANTED**.

(2) Defendant Celso Navarro-Diaz's Motion to Dismiss the Indictment (Doc. # 94) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of January, 2026.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE