UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No.: 8:22-cr-82-VMC-TGW

CELSO NAVARRO-DIAZ.

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Celso Navarro-Diaz's Motion to Dismiss Based on the Constitutionality of 21 U.S.C. § 959 (Doc. # 102), filed on January 26, 2026. The United States of America responded on March 11, 2026. (Doc. # 131). For the reasons that follow, the Motion is denied.

## I.   Background

Defendant was indicted on two counts of participating in a cocaine-trafficking conspiracy. (Doc. # 1). Count One alleges that Defendant conspired "to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine . . . contrary to the provisions of 46 U.S.C. § 70503(a)(1)." (Id. at 1). Count Two charges Defendant with conspiring "to distribute five (5) kilograms or more of a

1

mixture and substance containing a detectable amount of cocaine . . . knowing, intending and having reasonable cause to believe that such substance would be unlawfully imported into the United States, contrary to the provisions of 21 U.S.C. § 959." (Id. at 2).

On January 20, 2026, Defendant filed a prior motion to dismiss the indictment, in which he argued that the government would not be able to prove that he knew the cocaine would be imported into the United States and that 21 U.S.C. § 959 is unconstitutional as applied to him. (Doc. # 94 at 3-6, 12-13). The Court denied the motion. (Doc. # 97).

On the morning of January 26, 2026, prior to the start of the first day of trial, Defendant filed the instant Motion seeking dismissal of Count Two. (Doc. # 102). The United States has responded (Doc. # 131), and the Motion is ripe for review.

## II.  Discussion

Federal Rule of Criminal Procedure 12(b) empowers a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). "This Court may resolve a motion to dismiss in a criminal case when the 'infirmity' in the indictment is a matter of law and not one of the

relevant facts is disputed." United States v. Al-Arian, 308 F. Supp. 2d 1322, 1332 (M.D. Fla. 2004).

Here, Count Two charges Defendant with violating 21 U.S.C. § 959(a), which makes it unlawful for "any person to manufacture or distribute a controlled substance in schedule I or II . . . intending, knowing, or *having reasonable cause to believe* that such substance . . . will be unlawfully imported into the United States." 21 U.S.C. § 959(a) (emphasis added). Defendant argues that § 959(a) is facially unconstitutional as it "fails to provide fair notice of what conduct is criminal, invites arbitrary and inconsistent enforcement, and punishes conduct lacking the moral culpability required for serious felony liability." (Doc. # 102 at 4). The Court disagrees.

A criminal statute "so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement" violates the Fifth Amendment's guarantee of due process. Johnson v. United States, 576 U.S. 591, 595 (2015). However, "[f]air warning does not require that the defendants understand that they could be subject to criminal prosecution *in the United States* so long as they would reasonably understand that their conduct was criminal and would subject them to prosecution

3

somewhere." United States v. Epskamp, 832 F.3d 154, 169 (2d Cir. 2016) (internal quotation marks omitted).

Defendant argues that § 959(a) "fails to satisfy due process" because it "criminalizes conduct that is, at most, a first step toward a possible future crime, committed by unknown third parties." (Doc. # 102 at 4). This argument fails. "[T]he trafficking of narcotics is condemned universally by law-abiding nations." United States v. Campbell, 743 F.3d 802, 810 (11th Cir. 2014) (internal quotation marks omitted). Accordingly, Defendant's participation in a cocaine-trafficking conspiracy was "self-evidently criminal, and he had every reason to anticipate prosecution for his conduct." Epskamp, 832 F.3d at 169 (internal citation and quotation marks omitted).

Defendant relies on two cases, Shular v. United States, 589 U.S. 154 (2020), and United States v. Miles, 75 F.4th 1213 (11th Cir. 2023), to support his argument that the "reasonable cause" language in § 959(a) is unconstitutional. Neither case is on point.

In Shular, the Supreme Court considered how to determine whether a state offense is a "serious drug offense" under the Armed Career Criminal Act ("ACCA"). Shular, 589 U.S. at 159. ACCA's definition of a "serious drug offense" includes "an

4

offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . , for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Court explained that the appropriate inquiry in determining whether a state offense is a "serious drug offense" under ACCA is whether "the state offense's elements necessarily entail one of the types of *conduct* identified in § 924(e)(2)(A)(ii)": manufacturing, distributing, or possessing with intent to manufacture or distribute, certain controlled substances. Shular, 589 U.S. at 160-61 (internal quotation marks omitted).

In Miles, the Eleventh Circuit considered whether a state crime of possessing a listed chemical with reasonable cause to believe it will be used to manufacture a controlled substance is a crime that "involves manufacturing . . . a controlled substance" and, therefore, is a "serious drug offense" under ACCA. Miles, 75 F.4th at 125-16 (quoting 18 U.S.C. § 924(e)(2)(A)(ii)). The Miles court explained that "[p]ossessing one ingredient to make a controlled substance with 'reasonable cause to believe' that *some person will use it to* manufacture a controlled substance is too far removed

from the conduct of manufacturing itself to satisfy the 'necessarily entail[s]' standard." Id. at 1216. Accordingly, the Eleventh Circuit held that "a conviction under Florida Statutes § 893.149(1) for possessing a listed chemical with reasonable cause to believe it will be used to manufacture a controlled substance is not a 'serious drug offense' under ACCA." Id.

Defendant argues that, here, like in Miles, the mens rea of "having reasonable cause to believe that [the] substance . . . will be unlawfully imported into the United States," 21 U.S.C. § 959(a), "is constitutionally inadequate because it is more attenuated than knowledge or intent, and it does not require that the defendant be the person who commits or directs the importation." (Doc. # 102 at 4). But Miles merely explained that a state law criminalizing possession of a certain chemical with reasonable cause to believe it will be used to illegally manufacture a controlled substance does not necessarily entail "manufacturing" and, thus, does not constitute a "serious drug offense" under ACCA. Miles, 75 F.4th at 1216, 1222-23.

Neither Shular nor Miles supports Defendant's claim that the "reasonable cause" language in § 959(a) violates due

process. Therefore, the Court rejects Defendant's contention that the statute is unconstitutional.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Celso Navarro-Diaz's Motion to Dismiss Based on the Constitutionality of 21 U.S.C. § 959 (Doc. # 102) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 2nd day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE