UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No.: 8:22-cr-82-VMC-TGW

CELSO NAVARRO-DIAZ.

_____/

### ORDER

This matter comes before the Court pursuant to Defendant Celso Navarro-Diaz's Motion for New Trial (Doc. # 126), filed on February 13, 2026. The United States of America responded on February 27, 2026. (Doc. # 128). For the reasons that follow, the Motion is denied.

### I.   Background

In January 2026, Defendant went to trial on two charges of participating in a cocaine-trafficking conspiracy. (Doc. # 1). Count One alleges that Defendant conspired "to distribute and possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectible amount of cocaine . . . contrary to the provisions of 46 U.S.C. § 70503(a)(1)." (Id. at 1). Count Two charges Defendant with conspiring "to distribute five (5) kilograms or more of a mixture and substance containing a detectable

1

amount of cocaine . . . knowing, intending and having reasonable cause to believe that such substance would be unlawfully imported into the United States, contrary to the provisions of 21 U.S.C. § 959." (Id. at 2). After a four-day trial, the jury found Defendant guilty of both counts. (Doc. # 120).

Now, Defendant moves for a new trial. (Doc. # 126). The United States has responded (Doc. # 128), and the Motion is ripe for review.

## II.  Legal Standard

Under Federal Rule of Criminal Procedure 33(a), the Court is empowered to grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Outside the context of claimed newly discovered evidence, this standard is broad, and the decision to grant a new trial is within the sound discretion of the trial court. United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985).

## III. Discussion

Defendant argues that he is entitled to a new trial because of: (1) the improper admission of Rule 404(b) evidence of his prior cocaine-trafficking conviction, (2) a government witness's inadmissible testimony that Defendant participated in a proffer session, and (3) the cumulative effect of the

2

two alleged errors. The Court will address each contention in turn.

### A. The Rule 404(b) Evidence

To be admissible under Rule 404(b), "[f]irst, the evidence must be relevant to an issue other than the defendant's character." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003) (citation omitted), abrogated in part on other grounds by Rehaif v. United States, 588 U.S. 225 (2019). "Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act." Id. (citation omitted). "Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403." Id. (citation omitted). Here, all three requirements were met.

The first requirement was satisfied as "[e]vidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy." United States v. Cardenas, 895 F.2d 1338, 1344 (11th Cir. 1990) (internal quotation marks omitted). Defendant, "by pleading not guilty, made 'intent a material issue which imposes a substantial burden on the government to

prove,' which it may do by providing 'qualifying Rule 404(b) evidence.'" United States v. Stepherson, 838 F. App'x 438, 444 (11th Cir. 2020) (quoting United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007)). "When the government offers a prior conviction to prove intent, 'its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses.' If the state of mind for both offenses is the same, the first prong of the Rule 404(b) test is satisfied." Id. (citations omitted). Here, Defendant's prior conviction was for conspiring to import cocaine into the United States in violation of 21 U.S.C. §§ 959(a) and 963 (USA v. Modesto Betancourt et al., D.D.C. Case No. 1:07-cr-278-RJL, Doc. # 154), which is the same crime charged in Count Two in this case. (Doc. # 1 at 2). Accordingly, Count Two and the prior conviction require the same state of mind.

The second requirement also was met as the certified copy of the judgment for Defendant's prior conviction is sufficient proof that he committed the crime of which he was convicted. See United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that he committed the prior act."), holding

4

modified by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998).

Finally, the probative value of Defendant's prior conviction was not outweighed by the risk of undue prejudice. "[T]his determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." Id. (citation and internal quotation marks omitted). True, the conduct underlying the prior conviction occurred in 2007 (D.D.C. Doc. # 102), whereas the conduct at issue in the instant case occurred in 2019 and 2020. The Court nevertheless agrees with the government that the Rule 404(b) evidence was admissible as Defendant "put his knowledge and intent into dispute" by going to trial and that "his prior cocaine importation conviction was 'highly probative' of his knowledge and intent." (Doc. # 128 at 4) (quoting Cardenas, 895 F.2d at 1344).

Although the Court determined that the prior conviction was admissible, the Court gave limiting instructions to the jury at trial and again prior to the start of deliberations. Accordingly, the Court did not err in admitting evidence of

5

Defendant's prior conviction. See Edouard, 485 F.3d at 1346 ("[A]ny unfair prejudice possibly caused by admitting evidence of Edouard's prior smuggling activities was mitigated by the district court's limiting instruction to the jury. Thus, the probative value of the evidence in question was not substantially outweighed by undue prejudice." (citation omitted)). A new trial is not warranted on this basis.

> **B.    The Comment on Defendant's Participation in a Proffer Session**

"The admissibility or inadmissibility of a plea, a plea discussion, and any related statement is governed by Federal Rule of Evidence 410." Fed. R. Crim. P. 11(f). Pursuant to Federal Rule of Evidence 410(a)(4), "a statement made during plea discussions with an attorney for the prosecuting authority" generally is not admissible in a criminal trial against a defendant who "participated in the plea discussions" "if the discussions did not result in a guilty plea." Fed. R. Evid. 410(a)(4).

Defendant argues that he is entitled to a new trial because, "[b]y discussing the existence of a proffer in its case-in-chief, the Government used protected plea-discussion

material to prejudice the jury against [Defendant]." (Doc. # 126 at 10). The Court is not persuaded.

As an initial matter, the government did not elicit testimony or otherwise present evidence of any "statement made" by Defendant during plea negotiations. Fed. R. Evid. 410(a)(4). The challenged testimony merely referenced the fact that Defendant had participated in a proffer session. Specifically, the government asked an FBI agent on direct examination if he was personally familiar with Defendant's voice. The agent answered in the affirmative. The government then asked the witness why he was familiar with Defendant's voice, to which the witness stated that he had listened to intercepted communications in which Defendant identified himself and also had interviewed Defendant. When asked when the interview occurred, the agent stated that Defendant took part in a proffer session. Defense counsel immediately objected, and a sidebar discussion occurred. The Court denied Defendant's motion for a mistrial based on the reference to the proffer. However, the Court struck the government's question and the witness's answer and instructed the jury to disregard the question and answer. As neither the government nor the witness referenced any "statement made" by Defendant during the proffer, the Court finds that the challenged

testimony would not be subject to exclusion under Rule 410(a)(4) even if the proffer was made during plea discussions with the government. Fed. R. Evid. 410(a)(4).

In any event, any error arising from the agent's brief reference to the proffer session was harmless. "An error is harmless when 'sufficient evidence uninfected by any error supports the verdict, and the error did not have a substantial influence on the outcome of the case.'" United States v. Heromin, 631 F. App'x 862, 864 (11th Cir. 2015) (quoting United States v. Langford, 647 F.3d 1309, 1323 (11th Cir. 2011)). Here, there was sufficient evidence apart from the agent's reference to the proffer session to identify Defendant's voice on the intercepted calls and to prove that he participated in the cocaine-trafficking conspiracy. In addition to playing intercepted calls in which Defendant identified himself, the government also presented other evidence establishing Defendant's guilt, including testimony from codefendant Jhon Eduard Rivas-Murillo and a Colombian police officer. "Against that backdrop, the challenged testimony could not have substantially influenced the outcome of the trial." Id. (holding that any error in admitting challenged testimony was harmless as the government had presented "a lot of evidence" against defendant).

8

## C.    The Cumulative Effect

As the Court has determined that the Rule 404(b) evidence was properly admitted and that any error stemming from the agent's reference to Defendant's participation in a proffer session was harmless, the cumulative effect of these issues does not warrant granting a new trial. See United States v. House, 684 F.3d 1173, 1210 (11th Cir. 2012) ("[W]here there is no error or only a single error, there can be no cumulative error.").

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Celso Navarro-Diaz's Motion for New Trial (Doc. # 126) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of April, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

9